UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KIMBERLY STRINGFIELD                                    CIVIL ACTION
ROBINSON

VERSUS                                                  NO. 05-0363

LAFAYETTE STEEL ERECTOR, INC.                           SECTION "K"(5)

ORDER AND REASONS

Before the Court is a Motion for Summary Judgment (Doc. 36) filed by Lafayette Steel

Erector, Inc. ("Lafayette Steel"). Plaintiff Kimberly Stringfield Robinson ("Robinson") brought suit

against Lafayette Steel pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et

seq.* for its allegedly discriminatory hiring practices.   Having reviewed the pleadings, memoranda,

exhibits, deposition testimony and the law, the Court finds that as plaintiff has failed to meet her

burden of proof in opposing this motion, it must be granted.


**Background**

It is uncontested that in February 2003, Lafayette Steel utilized Labor Finders, a temporary

staffing service, to attempt to fill a temporary truck driver position on a job at the airport in New

Orleans.  Bruce Leininger, Human Resources Director of Lafayette Steel, contacted Jim Defrees,

office manager of Labor Finders, to discuss filling the truck driving position. (Uncontested Material

Facts, ¶ 1; Exhibit A, Dep. of Defrees, pp. 39-40; Exhibit B, Affidavit of Leininger).  Lafayette Steel

agreed to pay Labor Finders an hourly rate for services provided, and Labor Finders was responsible

for paying its employee.  (Uncontested Material Facts, ¶2; Exhibit A, Dep. of Defrees, pp. 54-55; Exhibit B, Affidavit of Leininger).

Robinson submitted an application with Labor Finders, and Labor Finders sent plaintiff for an interview with Lafayette Steel for the temporary truck driver position.  (Uncontested Statement of Facts, ¶3; Exhibit A, Dep. of Defrees, pp. 18-19, 35).  Robinson contends that during the interview, she demonstrated her qualifications for the position, that is being a holder of a Class"A" Louisiana Driver's License, with HAZMAT  tanker endorsement and being a qualified commercial truck driver and heavy equipment operator.  Nonetheless, Johnny Fields ("Fields"), the Lafayette Steel interviewer, made it "abundantly clear to plaintiff that he did not like females, that he believed driving a truck to be 'a man's job', and that he simply did not hire females for truck driving positions." (Complaint, ¶4).  Plaintiff was denied the position and the next applicant sent by Labor Finders, a male named Gregory Blake was hired; he worked only for one day.  (Uncontested Material Facts, ¶4).

 James Defrees, Office Manager for Labor Finders, was deposed and a portion of his testimony was attached to the subject motion.  In it, Defrees avers that he called Fields after the interview of Robinson.  Defrees  states at p. 19, "I just identified myself as Jim Defrees following up on an interview we had scheduled.  And he asked me, he wanted to know why I had sent him this woman, because she sat and ate potato chips during the entire interview.  I told him that I was quite . . ." The deposition portion presented then omits the following page.  At page 21, he states again, to an unidentified question, "Someone could attach significance to it, I suppose, yes."

Defrees further testifies that while Blake, an African-American male, was hired by Lafayette Steel, he was fired a day later because the truck steering assembly mechanism was not working properly, and he locked the truck up as he pulled out on Airline Highway.

Robinson filed a charge against Lafayette Steel with the Equal Employment Opportunity Commission ("EEOC"). On May 18, 2004, a Determination Letter was issued by the EEOC wherein the Acting Director for the New Orleans District Office found that all requirements for coverage had been met and finding that there was reason to believe that violations occurred, inviting the parties to join with it in reaching a just resolution of this matter.  On February 20, 2005, the instant suit was filed.

**Applicable Standard**

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets this burden, the burden shifts to the non-movant "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.   "[M]ere allegations or denials" will not defeat a well-supported motion for summary judgment. Fed. R. Civ. P. 56(e).  Rather, the non-movant must come forward with "specific facts" that establish an issue for trial. *Id.*

When deciding a motion for summary judgment, the Court must avoid a "trial on affidavits. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts" are tasks for the trier-of-fact. *Anderson*, 477 U.S. at 255.  To that end, the Court must resolve disputes over material facts in the non-movant's favor. "The party opposing a motion for summary judgment, with evidence competent under Rule 56, is to be believed." *Leonard v. Dixie Well Service & Supply, Inc*., 828 F.2d 291, 294 (5th Cir. 1987).

**Analysis**

Defendant Lafayette Steel has moved to dismiss this suit based on its contention that Lafayette Steel is not an "employer" subject to liability under Title VII.  It maintains that plaintiff was an applicant of Labor Finders, a temporary staffing service, and would have been an employee of Labor Finders had she been hired for the position.  It maintains that as no employment relationship existed, or would have ever existed, between Lafayette Steel and the applicant chosen

for this position.  In addition, it contends that the person actually hired only worked for one day. Nonetheless, the gravamen of defendant's motion is that Lafayette Steel would not be an employer because she would have been paid by Labor Finders.

For this proposition, Lafayette Steel relies on *Dunn v. Uniroyal Chemical Co., Inc.,* 192 F. Supp.2d 557 (M.D.La. 2001).  In that case, plaintiff had filed an EEOC claim only against her payroll employer, Lofton, and had not filed a claim against Uniroyal, the party which filed a motion to dismiss which that court granted.  The court noted that "a variety" of tests have been utilized to determine whether a person is considered an employee of a defendant.  *Id.* at 560.  The court used a hybrid test  which "'considers the 'economic realities'[1] of the work relationship as an important factor in the calculus but which focuses more on 'the extent of the employer's right to control the 'means and manner' of the worker's performance.'"  The *Dunn* court proceeded to note that while the plaintiff was assigned to Uniroyal and was subject to the policies and procedures of Uniroyal, the plaintiff was paid by Lofton and could be reassigned at any time.  Uniroyal's contract was with Lofton; Dunn's contract was with Lofton.  There was no employment contract between Uniroyal and Dunn.  The court concluded, "Thus the plaintiff's employment is not solely dependent upon the business to which she is rendering service, nor is she under Uniroyal's complete control over the 'means and manner' of her work."  Noting that plaintiff had not even filed a complaint against Uniroyal, the court then found as a matter of law that Uniroyal was not an employer of that plaintiff.

---

[1]This phrase means that "persons are considered employees if they, 'as a matter of economic reality,' are dependant upon the business to which they render service."  *Id.*

Using this framework, Lafayette Steel maintains that it did not control plaintiff in any manner because there was no (nor would there have been) a contract between Robinson and Lafayette Steel; furthermore, Robinson would have received her paycheck from Labor Finders. To demonstrate an even greater attenuation, Lafayette Steel maintains that Robinson was simply an applicant for employment with Labor Finders, intimating that she was not even hired by that company.

In response to this argument, plaintiff filed a memorandum in opposition[2] that rests solely on  the fact that the Determination Letter noted above finds that Lafayette Steel is an employer. Indeed, counsel in admitting to all of the Uncontested Issues of Material Facts stated:

> Plaintiff avers at least one genuine issue of material fact, precluding summary judgment ,as is reflected in the attached May 18, 2004 "Determination" by the U.S. Equal Employment Opportunity Commission, . . ., that Lafayette Steel Erector, Inc. was, in connection with the EEOC's determination on the merits of plaintiff's charge against it ". . . an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended (Title VII)".

Plaintiff's Reply to Defendant's Statement of Uncontested material Facts, and Plaintiff's Identification

of Genuine Issues of Material Facts Precluding Summary Judgment in Defendant's Favor. (Doc. 41).

Plaintiff provides neither any other documentary or testamentary evidence nor any other factual argument with respect to the factors required to make the employment determination.

---

[2]The Court would note that the memorandum was late-filed, it being due on July 18, 2006 and it being filed on July 21, 2006 without leave being properly requested by motion.

The hybrid analysis relied upon by defendant is well-founded as it was based on the Fifth

Circuits decision in *Mares v. Marsh,* 777 F.2d 1066, 1067 (5th Cir. 1985).  The Fifth Circuit noted

there:

> Three tests have been devised by the courts to unravel the employee/independent contractor conundrum. The first is the traditional common law test of agency, turning on the employer's right to control. This test was replaced in Fair Labor Standards Act cases by an " 'economic realities' test under which persons are considered employees if they, 'as a matter of economic reality, are dependent upon the business to which they render service.' " *Hickey v. Arkla Industries, Inc.,* 699 F.2d 748, 751 (5th Cir.1983) ( *citing Mednick v. Albert Enterprises, Inc.,* 508 F.2d 297 (5th Cir.1975), *quoting Bartels v. Birmingham,* 332 U.S. 126, 130, 67 S.Ct. 1547, 1550, 91 L.Ed. 1947, 1953 (1947)). The third test is a hybrid which considers the "economic realities" of the work relationship as an important factor in the calculus, but which focuses more on "the extent of the employer's right to control the 'means and manner' of the worker's performance····" *Spirides v. Reinhardt,* 613 F.2d 826, 831 (D.C.Cir.1979) (Title VII case). (footnote omitted)·
>
> In deciding whether Mares was an employee of the Army, the district court joined the majority of the courts that have addressed this issue and applied the hybrid *Spirides* test.  (footnote omitted).  We agree with this application*1068 of *Spirides* which we find in accord with our precedent. *McClure v. Salvation Army,* 460 F.2d 553 (5th Cir.), *cert. denied,* 409 U.S. 896, 93 S.Ct. 132, 34 L.Ed.2d 153, *reh'g denied,* 409 U.S. 1050, 93 S.Ct. 513, 34 L.Ed.2d 504 (1972).
>
> In *McClure,* we observed that employee status must turn on the facts of each case. In our examination of the various indicia of employment, we focused on the alleged employer's right of control. We found that McClure "was selected, employed, controlled, trained, and paid by the [defendant]. When the existence of such factors is shown, the individual falls within the definition of 'employee.' " 460 F.2d at 557. In so holding, we relied on cases employing the common law test for employment status. *Id.; Tarboro v. Reading Co.,* 396 F.2d 941 (3d Cir.1968), *cert. denied,* 393 U.S. 1027, 89 S.Ct. 637, 21 L.Ed.2d 569 (1969) (FELA); *Santa Rosa Island Auth. v. F. Rust Smith & Sons, Inc.,* 303 F.2d 576 (5th Cir.1962); *see also Dumas v. Town of Mount Vernon,* 436 F.Supp. 866 (S.D.Ala.1977), *modified,* 612 F.2d 974 (5th Cir.1980); *cf. id.,* 612 F.2d at 979 n. 5 (declining to reach the issue of employee status but approving the control test while noting absence of evidence in the record concerning the extent of putative employer's control).

*Mares v. Marsh,* 777 F.2d 1066, 1067 -1068 (5th Cir. 1985).

Defendant maintains that it would not have paid plaintiff and indeed plaintiff may not even have been employed by Labor Finders.  These are the only "facts" argued.  As the Court has not been provided by plaintiff with any facts or evidence to demonstrate why Lafayette Steel should be considered an employer because it selected and would have employed, controlled, trained, or  paid by Lafayette Steel, the employer at issue, the Court must grant this motion.  An EEOC determination letter is simply insufficient as a matter of law to create a question of fact in this regard.  *Wright v. Columbia Women & Childrens' Hosp.*, 34 Fed. Appx. 151 (5th Cir. 2002); *Hall v. Principi*, 2006 WL 870190 (S.D. Tex. April 3, 2006).    As noted, mere allegations or denials will not defeat a well-supported motion for summary judgment.  Fed. R. Civ. P. 56(e).  Rather, the non-movant must come forward with "specific facts" with competent evidence that establish an issue for trial.  Plaintiff has failed in this endeavor.

The Court would note that using this test, it might have been argued that the hiring decision was indeed Lafayette Steel's and that had plaintiff been hired, she would have been under the control of Lafayette Steel, as intimated in the truncated deposition testimony provided to the Court.  Plaintiff, however, neither made this argument, nor did she even attempt to demonstrate any other fact that is necessary for the calculus to determine whether a company is an employer in the case of a contract laborer such as presented here.  As such the motion must be granted.

There may be information which would create a question of material as to the Lafayette Steel's right to control the "means and manner" of the worker's performance.  However, it is not

the province of the Court to fill this vacuum.  In the event, the Court is presented with deposition or affidavit testimony that would create a genuine issue of material fact in a properly filed Motion for New Trial under Fed. R. Civ. P. 59, it will consider same under that rubric. Accordingly,

IT IS ORDERED that the Motion to Dismiss is GRANTED and judgment shall be entered in favor of defendant Lafayette Steel Erector, Inc. and against plaintiff  Kimberly Stringfield Robinson dismissing her complaint with prejudice, each party to bear its/her own costs.

New Orleans, Louisiana, this   3rd   day of August, 2006.

_____
        STANWOOD R. DUVAL, JR.
    UNITED STATES DISTRICT COURT JUDGE

9