UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIMBERLY STRINGFIELD ROBINSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-0363** |
| **LAFAYETTE STEEL ERECTOR, INC.** | **SECTION "K"(5)** |

### ORDER AND REASONS

Before the Court are the following motions:

a.  Motion for New Trial (Doc. 47) filed by Kimberly Stringfield Robinson and set originally for hearing on August 23, 2006;

b.  Motion to Continue and Reset Hearing Date (Doc. 54) filed by Lafayette Steel Erector, Inc. on August 22, 2006; and

c.  Motion to Strike Exhibits Attached to Motion for New Trial (Doc. 53) filed by Lafayette Steel Erector, Inc. on August. 22, 2006.

Having reviewed the pleadings, memoranda, exhibits and the relevant law, the Court finds as follows.

The genesis of this string of motions arises from the Court's granting of Lafayette Steel Erector, Inc.'s Motion for Summary Judgment based solely on its contention that it was not an "employer" subject to liability under Title VII of the Civil Rights Act of 1964 ("Title VII"). The Court used the "hybrid" test "which considers the 'economic realities' of the work relationship as an important factor in the calculus, but which focuses more on 'the extent of the employer's right' to control the 'means and manner' of the worker's performance. . . . *Spirides v. Reinhardt,* 613 F.2d 826, 831 (D.C.Cir.1979) (Title VII case). (footnote omitted)." *Mares v. Marsh,* 777 F.2d 1066,

1067 -1068 (5th Cir. 1985). Because of an absolute dearth of evidence presented by plaintiff and inadequate briefing on her part, the Court felt compelled to grant the motion. Nonetheless, in so doing, it was concerned that manifest injustice might occur as a result of counsel's failures rather than the facts of the case.

Counsel for plaintiff has now presented, in conjunction with the above-noted Motion for New Trial the Court, an affidavit from plaintiff which places into question the control Lafayette Steel would have exercised over plaintiff and a "Position Statement of Labor Finders" which was apparently filed in the proceedings before the Equal Opportunity Employment Commission. In response, Lafayette Steel filed the Motion to Strike and a Motion to Continue and Reset the substantive Motion for New Trial.

As to the Motion to Strike, the Court will deny this motion. The affidavit does consist of the plaintiff's understanding of what her work situation would have been. If this information is not based on properly founded knowledge, Lafayette Steel may so discover in plaintiff's deposition and attack it in the appropriate manner at the appropriate time. As to the Position Statement of Labor Finders, counsel for Labor Finders attests that "once hired, the worker is completely under the supervision and control of the hiring employer but is paid by Labor Finders with funds provided by the employer." Thus, underlying factual basis for the Court's ruling is called into question.

The Court again cautions plaintiff's counsel for his apparent disregard for the Rules of Evidence and his failure to present this evidence in a more proper form. Nonetheless, the Court recognizes that under Fed. R. of Evidence 803(8)(c), reports of the EEOC are admissible as an exception to the hearsay rule. *Smith v. Universal Serv. Inc.*, 454 F.2d 154, 157 (5th Cir. 1972) and

this information was filed by an officer of the court in a governmental inquiry. While the Court is chary to do so, it finds that it must in fairness to plaintiff allow these documents to be filed.

As state by Judge Vance in *Tauzier v. Julian Graham Dodge,* 1998 WL 458184 (E.D.La. 1998):

> The Fifth Circuit has held that a motion to reconsider a dispositive pre-trial motion is analogous to a motion to "alter or amend the judgment" under Federal Rule of Civil Procedure 59(e) if the motion is served with ten days of the district court's judgment. *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990) *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 n. 14 (5th Cir.1994) (en banc) (motion for a new trial filed within ten days of judgment is analyzed under Rule 59(e); if it is served after that time, the motion is governed by Rule 60(b)); *Ford Motor Credit Co., v. Bright,* 34 F.3d 322, 324 (5th Cir.1994) (Rule 59(e) allows a losing party to "seek the trial court's reconsideration of its order granting summary judgment if served within 10 days of the rendition of judgment."); *First Nationwide Bank v. Summer House Joint Venture,* 902 F.2d 1197, 1200 (5th Cir.1990). The decision to grant or deny a motion for a new trial under Rule 59(e) rests within the Court's considerable discretion. *Lavespere,* 910 F.2d at 174; *see Wallace v. Texas Tech Univ.,* 80 F.3d 1042, 1052 (5th Cir.1996); *Franks v. Associated Air Ctr., Inc.,* 663 F.2d 583, 586 (5th 1981); *In re Ford Motor Co.,* Civ.A. No. MDL 991, 1997 WL 191488 * 2 (E.D.La. April 17, 1997). Factors that the Court may consider in making its decision include: (1) whether the judgment was based upon a manifest error of fact or law; (2) the existence of newly discovered or previously unavailable evidence; (3) whether a new trial is necessary to prevent manifest injustice; and (4) an intervening change in controlling law. *See* 11 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 2810.1 at 125-27 (2d ed.1995). A Rule 59 motion, however, should not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to entry of judgment. *See Simon v. United States,* 891 F.2d 1154, 1159, (5th Cir.1990) ("These [Rule 59] motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory."); *Savers Federal Sav. & Loan Ass'n v. Reetz,* 888 F.2d 1497, 1508-09 (5th Cir.1989) (no abuse in denying Rule 59(e) motion seeking to raise new reasons that summary judgment was inappropriate); *Albright v. New Orleans,* Civ.A. No. 96-0679, 1997 WL 358144 (E.D.La. June 26, 1997).

*Id.* at *1. Considering that the Court finds that the failure to grant the Motion for New Trial might result in manifest injustice, the Court will grant the Motion for New Trial and deny the Motion to Continue.

However, again, the Court is painfully aware that this case had been set for trial on August 28, 2006. At the time the initial Motion for Summary Judgment was granted, plaintiff had failed to timely file a witness list or an exhibit list. In addition, considering the kind of "evidence" presented, it is unclear whether the deposition of the appropriate Lafayette Steel representative has been taken and whether the factual testimony necessary to determine whether Lafayette Steel would be regarded as an employer has been elicited. As the discovery deadlines have passed, the Court does not intend to re-open this matter in total. Accordingly,

**IT IS ORDERED** that the Motion to Strike Exhibits Attached to Motion for New Trial (Doc. 53) is **DENIED**.

**IT IS FURTHER ORDERED** that Motion to Continue and Reset Hearing Date (Doc. 54) filed by Lafayette Steel Erector, Inc. is **DENIED.**

**IT IS FURTHER ORDERED** that Motion for New Trial (Doc. 47) filed by Kimberly Stringfield Robinson is **GRANTED** and the judgment previously entered by the Court is **VACATED**.

**IT IS FURTHER ORDERED** that discovery is re-opened **solely** for the purpose of deposing the appropriate corporate representative of Lafayette Steel to determine whether it would be considered an employer under the aforementioned test. This deposition shall be taken **no later**

**than November 11, 2006.** At its conclusion, defendant may re-file its Motion for Summary Judgment on the previously presented grounds or any other that it deems appropriate.

**IT IS FURTHER ORDERED** that **no later than November 11, 2006,** plaintiff's counsel shall file into the record her witness and exhibit list.

**IT IS FURTHER ORDERED** that in the event the re-urged Motion for Summary Judgment is denied, this matter will then be set for trial.

**IT IS FURTHER ORDERED** that this matter is **FROZEN and no further discovery shall be permitted.**

New Orleans, Louisiana, this  12th  day of September, 2006.

```
                              _____
                                   STANWOOD R. DUVAL, JR.
                              UNITED STATES DISTRICT COURT JUDGE
```