UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIMBERLY STRINGFIELD ROBINSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-0363** |
| **LAFAYETTE STEEL ERECTOR, INC.** | **SECTION "K"(5)** |

### ORDER AND OPINION

Before the Court are the Motion in Limine filed on behalf of defendant Lafayette Steel Erector (Doc. 88)(Lafayette Steel) and the Motion in Limine filed on behalf of plaintiff Kimberly Stringfield Robinson (Doc. 89). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, grants, in part, the motion in limine filed on behalf of defendant Lafayette Steel and grants in part the motion in limine filed on behalf of plaintiff Kimberly Stringfield Robinson.

A. Plaintiff's Motion in Limine.

In general, plaintiff seeks to exclude any exhibits sought to by defendant which 1) refer to "labor or employment related claims made by plaintiff at any time; 2) refer to "prior or subsequent accident or injury claims made by plaintiff; or 3) refer to "plaintiff's employment being involuntarily terminated for any reason, but including particularly, without limitation, upon grounds of allegedly failing a drug test or for related reasons." Additionally, plaintiff seeks to exclude from evidence her employment applications with other companies. The Court has reviewed defendant's exhibit list and construes plaintiff's motion as an attempt to exclude defendant's exhibits 5-18. The Court makes the following rulings with respect to those exhibits:

Exhibit 5: The motion is denied; the "Employer's Report of Occupational Injury or Disease"

is relevant to plaintiff's earning potential.

Exhibit 6: The motion is denied; the "Employees Monthly report of Earnings" is relevant to the issue of back pay.

Exhibit 7: The motion is granted; the report is hearsay, and absent testimony by an expert the significance of a positive test for 300 ng/ml is not evident. However, the defendant may elicit testimony from plaintiff that she was terminated from her employment with Banting Nursery; such testimony is relevant to the issue of mitigation of damages, but defendant may not inquire into the circumstances of the termination.

Exhibit 8: The motion is granted for the same reason that the motion was granted as to Exhibit 7.

Exhibit 9: The motion is granted in part. Defendant may inquire as to the period of time that plaintiff was unable to work as a result of the injury sustained while working for Banting Nursery. However, defendant may not elicit any testimony concerning any amount which may have been paid to plaintiff as a result of the injury. Such evidence is not admissible; it is considered a collateral source.

Exhibit 10: The motion is granted; however, defendant may use the information contained in the exhibit for impeachment purposes.

Exhibit 11: The motion is granted; the "Notice of Charge of Discrimination" is evidence of character and is not admissible under Rule 608 of the Federal Rules of Civil Procedure.

Exhibit 12: The motion is granted; the "First Report of Injury of Illness" is not relevant.

Exhibit 13: The motion is granted; the "Mediation Report" is apparently offered as a proxy for character evidence and is not admissible as such. However, defendant may ask plaintiff whether

she has had any prior injuries in order to establish her ability to work in the future, and if plaintiff denies any prior injuries, the Mediation Report may be used for impeachment purposes. If the report is used for impeachment purposes, defendant shall make no reference to the amount received by plaintiff.

Exhibit 14: Following authentication of the exhibit, the document may be used in the event that plaintiff denies making the application or denies relevant information which she provided to the potential employer in filling out the application, i.e., whether she had ever been physically injured on a job.

Exhibit 15: Following authentication of the exhibit, the document may be used only to impeachment testimony that plaintiff has never failed a drug test.

Exhibit 16: Following authentication of the exhibit, the document may be used only for impeachment purposes.

Exhibit 17: Following authentication of the exhibit, the document may be used only for impeachment purposes.

Exhibit 18: Following authentication of the exhibit, the document may be used only for impeachment purposes.

## B. Defendant's Motion in Limine

Plaintiff's Exhibit 1: Defendant seeks to exclude the May 18, 2004 "Determination" of the EEOC with respect to the claim filed by plaintiff. The motion is denied. Generally, "EEOC determinations and findings of fact, although not binding on the trier of fact, are admissible as evidence in civil proceedings as probative of a claim of employment discrimination." *DeCorte v. Jordan*, 497 F.3d 433, 440 (5th Cir. 2007). Defendant has not demonstrated pursuant to Rule 403

of the Federal Rules of Evidence that the EEOC determination at issue is unduly prejudicial.

Plaintiff's Exhibit 2: The "Position Paper" that Labor Finders filed with the EEOC is hearsay; the motion in limine is granted.

Plaintiff's Exhibit 3: Plaintiff has issued a trial subpoena duces tecum to Labor Finders and their attorney.  The Court construes this as an attempt to engage in discovery long after the December 31, 2007, discovery deadline imposed by the court in its May 10 "Scheduling Order." Accordingly, the Court grants the motion in limine, unless plaintiff provides the Court with information indicating why the documents requested in the trial subpoena duces tecum could not have been discovered prior to the Court imposed deadline for discovery.

Defendant's other objections in the motion in limine are moot; plaintiff's counsel has advised the Court that he does not intend to introduce any exhibits other than those identified herein above.

New Orleans, Louisiana, this 11th day of March, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE